FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 30, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KRISTI H., | No. 4:20-CV-05123-JTR |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 13, 14. Attorney Chad Hatfield represents Kristi H. (Plaintiff); Special Assistant United States Attorney Lars Nelson represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

///

ORDER GRANTING DEFENDANT'S MOTION . . . . - 1

## JURISDICTION

Plaintiff filed an application for Disability Insurance Benefits on March 7, 2017, alleging disability since December 31, 2016, due to depression, seizure disorder, degenerative disc disease, high cholesterol, memory loss, hypothyroidism, restless leg syndrome, ADHD, migraines, and insomnia. Tr. 95-96. The application was denied initially and upon reconsideration. Tr. 128-34, 136-42. Administrative Law Judge (ALJ) Marie Palachuk held a hearing on June 6, 2019, Tr. 45-74, and issued an unfavorable decision on June 26, 2019, Tr. 21-31. Plaintiff requested review from the Appeals Council. Tr. 200-02. The Appeals Council denied the request for review on May 28, 2020. Tr. 1-5. The ALJ's June 2019 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on July 28, 2020. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1966 and was 51 years old as of her date last insured in March, 2018. Tr. 30. She has her GED and her work history primarily consisted of owning and running a bar with her husband. Tr. 234-35. Following her husband's death, she attempted to continue running the bar, but was unable to maintain the business. Tr. 64, 68-69. She has sought treatment over the years for a variety of physical issues as well as her mental health.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is

defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 404.1520(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 404.1520(a)(4)(v).

///

## ADMINISTRATIVE FINDINGS

On June 26, 2019 the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity from the alleged onset date through the date last insured of March 31, 2018. Tr. 23.

At step two, the ALJ determined Plaintiff had the following severe impairments: multi-level degenerative disc and joint disease; migraines; bipolar disorder; attention deficit disorder; and alcohol use disorder. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 24-25.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform work at the light exertional level, except:

> She can frequently perform all postural activities except for no climbing of ladders, ropes and scaffolds. She is to avoid even moderate exposure to vibration and hazards. The claimant is able to understand, remember, and carry out simple routine tasks/instructions for two hour intervals between regularly scheduled breaks in a predictable environment with only seldom change, simple judgments, and no fast paced production rate of pace (consistent with "low pressure" work setting). She can have only occasional and brief public contact.

Tr. 25-26.

At step four, the ALJ found Plaintiff was unable to perform her past relevant work as bartender, short order cook, or bar manager. Tr. 29-30.

At step five, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy

that Plaintiff was capable of performing, including the jobs of mail clerk, warehouse checker, and garment sorter. Tr. 30-31.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date last insured. Tr. 31.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) improperly rejecting medical opinion evidence; (2) improperly disregarding lay witness testimony; (3) improperly discounting Plaintiff's subjective complaints; and (4) making step five findings that did not consider all of Plaintiff's relevant limitations.

**DISCUSSION**

**1.    Medical opinion evidence**

Plaintiff alleges the ALJ improperly rejected the opinion from her treating doctor, Suzanne Staudinger, and failed to incorporate limitations recommended by a state agency doctor, despite assigning significant weight to the opinion. ECF No. 13 at 8-13.

When a treating physician's opinion is contradicted by another physician, the ALJ is required to provide "specific and legitimate reasons," based on substantial evidence, to reject the opinion. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating her interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer her conclusions, she "must set forth [her] interpretations and explain why they, rather

than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

    *a.*    **Dr. Staudinger**

In June 2018, Dr. Suzanne Staudinger completed a medical source statement in support of Plaintiff's disability claim. Tr. 413-14. She noted diagnoses of fibromyalgia, hypothyroid, migraines, ADHD, chronic low back pain, bipolar disorder, and depression. Tr. 413. She opined Plaintiff could lift and carry 10-20 pounds, could sit for two to four hours, and could stand for two hours. *Id.* She stated Plaintiff's pain would interfere with her ability to concentrate and maintain pace on a frequent basis, and that Plaintiff would need unscheduled breaks, walking breaks, or breaks to recline three or four times per day for 15 minutes each. Tr. 414. Dr. Staudinger predicted Plaintiff would miss four or more days of work per month were she to attempt to work full time. *Id.*

Dr. Staudinger's opinion was contradicted by the consultative examiner, the medical expert at the hearing, and the state agency reviewing doctor. Tr. 54, 118-19, 410-11. Therefore, the ALJ was required to offer specific and legitimate reasons for discounting the opinion.

The ALJ gave this opinion little weight, noting it was not supported by minimal findings on exam and ongoing chart notes, was inconsistent with Dr. Staudinger's own notes, appeared to be based primarily on Plaintiff's subjective complaints, and was contradicted by the state agency reviewing sources, the consultative examiner, and the medical expert testimony. Tr. 27.

Plaintiff argues the ALJ's analysis was insufficient, as she did not identify any specific contradictions between the opinion and any treatment notes, and there is objective imaging evidence supporting the opinion. ECF No. 13 at 9-10. Plaintiff further argues the ALJ cannot merely assume that an opinion is based on self-reports and must explain how she reached that conclusion. *Id.* at 10-11. Defendant argues the ALJ reasonably found the opinion to be contradicted by other sources

and unsupported by minimal findings in the record and Dr. Staudinger's own exams, which did not demonstrate objective findings consistent with her opinion. ECF No. 14 at 10-15.

An ALJ may reasonably consider an opinion's consistency with the record as a whole and support from the objective medical signs and findings. 20 C.F.R. § 404.1527(c). The contradictory opinions from multiple other acceptable sources constitute substantial evidence in support of the ALJ's finding. Dr. Staudinger's records also contradict her opinion: she stated that Plaintiff demonstrated 11+ of the standard fibromyalgia tenderpoints; yet her records reflect only four tenderpoints on exam. Tr. 414, 512. The records from her two other visits contain no notable objective findings. Tr. 477-78, 517. The ALJ's interpretation is supported by substantial evidence.

While Plaintiff offers an alternative interpretation of the record, "if the evidence can reasonably support either affirming or reversing a decision, we may not substitute our judgment for that of the Commissioner." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). The ALJ identified substantial evidence in support of her conclusion.

   b. ***State agency doctor Renee Eisenhauer***

On initial review of Plaintiff's file, the state agency doctor, Thomas Clifford, opined Plaintiff was capable of performing simple, routine tasks, noting she was likely to have difficulty with concentration for extended periods when her attention waxes and wanes, and that she would likely function best with limited contact with coworkers. Tr. 103-04. On reconsideration, Dr. Renee Eisenhauer stated Plaintiff could "understand, recall and execute simple one and two step tasks but would have difficulty with more complex tasks," then stated she was "able to sustain simple and repetitive tasks as well as well-learned semi-skilled work for 2-hour increments of time with regular breaks during a normal eight-hour workday." Tr. 120. She noted Plaintiff "may experience some vacillations in [her] ability to

ORDER GRANTING DEFENDANT'S MOTION . . . - 7

concentrate and the pace of work may vary accordingly," but that she could perform within normal tolerances. *Id.* Doctor Eisenhauer further limited Plaintiff to no more than superficial contact with the public and coworkers, and noted she should have tasks that were "routine enough to obviate the need for frequent supervisor contact." Tr. 121. The ALJ gave these opinions significant weight, summarizing Dr. Clifford's opinion and noting Dr. Eisenhauer "used slightly different terminology." Tr. 29.

Plaintiff argues the ALJ erred in failing to account for Dr. Eisenhauer's statement limiting Plaintiff to performing simple one-to-two step tasks, which would have created an inconsistency with the jobs identified at step five. ECF No. 13 at 11-13. Defendant argues the ALJ reasonably interpreted Dr. Eisenhauer's opinion as a whole, and formulated an RFC that is supported by all of the medical source opinions. ECF No. 14 at 15-17.

The Court finds no error. Had Dr. Eisenhauer clearly stated Plaintiff was limited to no more than one-to-two step tasks, the ALJ would have erred in failing to address the limitation. *See e.g.*, *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1003 (9th Cir. 2015). However, Dr. Eisenhauer's further statements regarding repetitive and well-learned semi-skilled work are broader than the limitation to one-to-two step work. The ALJ reasonably interpreted Dr. Eisenhauer's opinion along with Dr. Clifford's opinion, and formulated an RFC consistent with the various opinions.

2. **Plaintiff's symptom statements**

Plaintiff alleges the ALJ erred in rejecting her symptom testimony without providing adequate reasons. ECF No. 13 at 15-17.

It is the province of the ALJ to make determinations regarding a claimant's subjective statements. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative

1 evidence of malingering, the ALJ's reasons for rejecting a claimant's testimony
2 must be "specific, clear and convincing." *Smolen v. Chater,* 80 F.3d 1273, 1281
3 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General
4 findings are insufficient: rather the ALJ must identify what testimony is not
5 credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d
6 at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, she found Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms to not be entirely consistent with the medical evidence and other evidence in the record. Tr. 26. The ALJ found Plaintiff's allegations were inconsistent with reports of doing well on her medications when taken as prescribed, she had only conservative treatment, there were no indications of more serious symptoms, her migraines improved with treatment, she had issues complying with her mental health medications, her presentation was incongruent with her subjective complaints, and she was not forthcoming with specifics about her alcohol use. Tr. 26-27.

In evaluating a claimant's reports, an ALJ may consider the course and effectiveness of treatment, including improvement with medication. Social Security Ruling 16-3p. The ALJ reasonably considered the record in concluding Plaintiff's conditions improved when she was compliant with her medications. Tr. 346-47, 350, 362, 406, 474, 485. The ALJ also reasonably considered other factors pertaining to the reliability of Plaintiff's reports, such as her presentation being incongruent with her reports to her counselor and her lack of candor regarding her alcohol use. Tr. 27.

**3.   Lay witness testimony**

Plaintiff's sister, Edie Howell, submitted a function report commenting on Plaintiff's conditions and abilities. Tr. 264-71. Plaintiff asserts the ALJ failed to

address the opinion. ECF No. 13 at 13-15.[1] However, the ALJ did discuss it, and found the statements were of limited evidentiary value given the limited amount of contact between Ms. Howell and Plaintiff. Tr. 26. An ALJ need only offer germane reasons for rejecting an opinion from a third party. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). The amount of time a witness has spent with a claimant, and thus the basis for their opinions, is a germane factor for an ALJ to consider. *See Crane v. Shalala*, 76 F.3d 251, 254 (9th Cir. 1996). Therefore, the ALJ did not err with respect to Ms. Howell's report.

**4.     Step five**

Plaintiff argues the vocational expert testimony was of no value due to the ALJ omitting relevant limitations from the hypothetical questions posed to the expert. ECF No. 13 at 17-19. Plaintiff's argument is based on successfully showing that the ALJ erred in her treatment of the symptom statements and medical opinions. Because the Court finds that the ALJ did not harmfully err in her treatment of the evidence, Plaintiff's argument is without merit.

**CONCLUSION**

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error and is affirmed. Therefore, **IT IS HEREBY ORDERED:**

1.     Defendant's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED**.

2.     Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **DENIED**.

///
///
///

---

[1] In her reply brief Plaintiff asserts the ALJ failed to provide germane reasons for rejecting the opinion, but offers no further analysis. ECF No. 15 at 7-8.

1  The District Court Executive is directed to file this Order and provide a copy
2  to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant
3  and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED March 30, 2021.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE